JUSTICE REGNIER
concurring.
¶27 I write separately to express my view that, had I the votes to do so, I would modify, in part, our holding in Chastain.
¶28 As the Court’s opinion more thoroughly discusses, we reviewed, in Chastain, a claim of ineffective assistance of counsel on direct appeal where the defendant asserted that his trial attorney failed to adequately challenge two prospective jurors. During questioning, both jurors stated they had prior experiences or knowledge that could potentially bias their decisions. Defense counsel asked no further questions and did not move to exclude either juror. Upon our review of this record, we concluded that “the statements of both prospective jurors ... demanded, at a minimum, additional inquiry.” Chastain, 285 Mont. at 65, 947 P.2d at 60. From this, we held that counsel’s failure amounted to ineffective assistance of counsel. Chastain, 285 Mont. at 65-66, 947 P.2d at 60.
¶29 I agree with the Court’s opinion that we need not overrule Chastain in order to conclude that Whitlow’s ineffectiveness claim is not record based. I do believe, however, that in reaching this decision, we are required to modify, in part, our holding in Chastain. I now *347 believe that our conclusion that “the statements of both prospective jurors... demanded, at a minimum, additional inquiry” was overbroad. Chastain, 285 Mont. at 65, 947 P.2d at 60. I still believe that the statements of the juror who indicated someone had attempted to abduct his sister and that it could prejudice his judgment unfavorably toward Chastain demanded additional inquiry. Faced with such a clearly expressed potential for bias against the defendant, I cannot think of a possible explanation for how counsel’s decision not to further question or move to exclude this juror was the product of sound trial strategy. Thus, the lack of an explanation on the record for counsel’s decision was not fatal to Chastain’s claim with regard to the voir dire of this juror. This claim was indeed record based and could reasonably have been raised on direct appeal.
¶30 I note, however, that Chastain’s trial counsel’s decision not to further question or to move to exclude the juror who indicated that she remembered seeing an article about the case and that it may have evoked some strong feelings is not sufficient by itself to overcome the presumption that counsel’s decision was the product of sound trial strategy. Unlike the first juror, this juror’s statements were not such a clear expression of potential bias against the defendant that effective representation required further questioning. There are numerous reasons why counsel may have reasonably believed that keeping this juror on the panel would further his client’s interests. As with the instant case, without going beyond the trial record and discovering an explanation for counsel’s decision, I can no longer conclude that trial counsel’s decision constituted ineffective assistance. See People v. Mendoza (Cal. 2000), 6 P.3d 150, 172 (stating that claims of ineffective assistance must be denied “unless counsel was asked for an explanation and failed to provide one or unless there simply could be no satisfactory explanation for counsel’s acts or omissions”). Accordingly, I would modify our holding in Chastain to reflect that counsel’s decision not to further question or move to exclude this juror, without more, was not ineffective assistance.